**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **RAYMOND HOUSTON,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**HALLCON CORPORATION,**<br><br>Defendant. | Case No. 26-cv-13683<br><br>Removed from the Circuit Court of Cook County, Illinois<br>No. 2026 CH 09438 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Hallcon Corporation ("Defendant"), which is not the properly named defendant in this matter, hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois. In support of its Notice of Removal, Defendant respectfully states as follows:

### State Court Action

1. On September 30, 2026, Plaintiff Raymond Houston filed a lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, styled *Raymond Houston, et al. v. Hallcon Corporation*, Case No. 2026 CH 09438. *See* Exhibit A, Complaint. The Complaint alleges that Defendant violated the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1, *et seq.*, as to Plaintiff and two putative classes of similarly situated individuals. Exhibit A, Compl., ¶¶ 33-34, 41-53.

2. On October 5, 2026, Plaintiff served the Summons and Complaint on Defendant through its registered service agent. *See* Exhibit A, at Summons. On October 1, 2026, Plaintiff also

filed a Motion for Class Certification, which is included in Exhibit A.[1] Exhibit A is a true and correct copy of the only pleadings, processes, and/or orders that have been served on Defendant. Upon information and belief, no further proceedings have been held in the Circuit Court of Cook County.

3. Plaintiff's Complaint contains one claim, alleging on behalf of himself and two putative classes that Defendant violated Section 25(c)(1) of GIPA by soliciting, requesting, and/or requiring family medical history as a condition of employment or a preemployment application. Exhibit A, Compl., ¶¶ 33-34, 38, 41-53. Specifically, the questions allegedly common to all putative class members are:

i. Whether Defendant's conduct is subject to GIPA;

ii. Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or a preemployment application in violation of 410 ILCS 513/25(c)(1);

iii. Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

iv. Whether Plaintiff and the Classes are entitled to damages and injunctive relief.

Exhibit A, Compl., ¶ 38.

4. For these purported violations, Plaintiff seeks injunctive relief and "$15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent violation of GIPA," on behalf of himself and a putative "Nationwide Class" and "Illinois Class" (together, the "Classes"), which he alleges number in the "hundreds." Exhibit A, Compl., ¶¶ 33-35, 37, 53-54.

---

[1] Plaintiff "request[ed] that the Court delay its ruling on this motion until the parties have had an opportunity to complete the discovery process and fully brief this issue." Exhibit A at p. 23, fn. 1.

## Venue and Timeliness

5. Because the Circuit Court of Cook County lies within this district, the proper forum for removal pursuant to 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a) is the United States District Court for the Northern District of Illinois, Eastern Division.

6. In accordance with the requirements of 28 U.S.C. § 1446(b), which sets the deadline for filing a notice of removal thirty (30) days after service of the Summons and Complaint on October 5, 2026, this Notice of Removal is timely filed because the resulting 30-day deadline is November 4, 2026.

7. Moreover, this Notice of Removal is timely for an additional reason, namely, because "the removal clock never actually started to run." *Gates v. Eagle Foods Grp.*, No. 20 C 6525, 2021 WL 1340805, at *2 (N.D. Ill. Apr. 9, 2021) (quoting *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825 (7th Cir. 2013)); *Curry v. The Boeing Co.*, No. 20 C 3088, 2021 WL 1088325, at *10 (N.D. Ill. Mar. 22, 2021) ("It does not matter under *Walker* how quickly a diligent defendant could determine that a case is removable for if the complaint leaves any work for the defendant to do in that regard, the removal clock does not start to run."). Here, Plaintiff's Complaint left ample work for Defendant to do (*e.g.*, calculating damages and determining whether minimal diversity exists). Therefore, the removal clock has not begun running. Beyond alleging that the number of class members is "believed to be in the hundreds[,]" Plaintiff does not allege how many violations of GIPA he claims, how many violations per individual, or the length of the "applicable limitation period" on which his class definitions depend. Exhibit A, Compl., ¶¶ 33-34, 37. Further, Plaintiff admits that the Classes are "ascertainable and identifiable from Defendant's records." *Id.* at ¶ 37. In other words, Plaintiff explicitly admits that he has left work for Defendant.

8. For the foregoing reasons, this Notice of Removal is timely.

**CAFA Jurisdiction**

9. As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.

10. Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from the citizenship of any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11. Diversity of citizenship exists under CAFA when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. For purposes of diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

13. Here, Defendant is a corporation organized under the laws of the State of Delaware and maintains a principal place of business in Illinois at 190 S LaSalle St #2025, Chicago, Illinois 60603. Exhibit B, Declaration of Vice President of Human Resources, Katelynn Paul ("Decl."), ¶¶ 8-9; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," or the place where its officers direct, control, and coordinate the corporation's activities). Therefore, Defendant is a citizen of Delaware and Illinois for diversity purposes.

14. Under CAFA, "'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1). Plaintiff seeks to represent a "Nationwide Class" of "[a]ll individuals in the United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of employment or a preemployment application by Defendant." Exhibit A, Compl., ¶ 33. Plaintiff also seeks to represent an "Illinois Class" defined in identical terms, except that it is limited to "individuals in Illinois." *Id.* at ¶ 34.

15. Plaintiff alleges that, "[a]s part of its standardized hiring process at all locations nationwide, Defendant requires all prospective employees to undergo a physical examination and answer questions regarding their family medical history." Exhibit A, Compl., ¶ 19. By its terms, the proposed Nationwide Class therefore reaches individuals who applied for employment with Defendant outside of Illinois. Further, Defendant has identified hundreds of individuals who were subject to pre-employment physicals for employment within the State of Illinois but who are citizens of a state other than Illinois, Delaware, or Kansas. Exhibit B, Decl., ¶¶ 14-15.

16. Accordingly, there is diversity of citizenship between potential unnamed class members and Defendant under CAFA. *Halim v. Charlotte Tilbury Beauty Inc.*, No. 23 CV 94, 2023 WL 3388898, at *3 (N.D. Ill. May 11, 2023) (diversity jurisdiction established at the time of removal under CAFA); *Gates*, No. 20 C 6525, 2021 WL 1340805, at *3 (diversity jurisdiction established at the time of removal under CAFA where the plaintiff was an Illinois resident, and the defendant was a Delaware and Ohio citizen).

17. Defendant estimates that the amount in controversy in this case exceeds $5,000,000. Defendant must only demonstrate by "a preponderance of the evidence" that the

amount in controversy exceeds the jurisdictional amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Defendant is "not required to establish with overwhelming evidence the precise amount in controversy." *Espinosa v. Philip Morris USA, Inc.*, No. 07 C 231, 2007 WL 917383, at *2 (N.D. Ill. Mar. 26, 2007). Indeed, where a plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511.

18. Once Defendant has satisfied this burden, Plaintiff may defeat federal jurisdiction "only if it appears to a ***legal certainty*** that the claim is really for less than the jurisdictional amount." *Id*. (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed [the amount in controversy], then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much") (internal citation omitted).

19. In his Complaint, Plaintiff seeks "$15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent violation of GIPA" on behalf of himself and the Classes for conduct occurring "within the applicable limitation period." <u>Exhibit A</u>, Compl., ¶¶ 33-34, 53-54. Plaintiff does not estimate the amount of actual or statutory damages. However, Plaintiff alleges that the Classes include "hundreds" of members. *Id.* at ¶ 37. Plaintiff also alleges that Defendant solicited his family medical history on two separate occasions, first through an online pre-employment questionnaire and again during a pre-employment physical examination. *Id.* at ¶ 26. And Plaintiff alleges that Defendant requires "all prospective employees" to undergo a physical examination and answer questions regarding their family medical history. *Id.* at ¶ 19.

20. While Defendant disputes that the GIPA limitations period is five years and denies that Plaintiff is entitled to recover for more than one violation per individual, there is a cognizable

possibility that GIPA allows recovery for more than one violation per individual and/or allows for recovery for all violations during a five-year period. *See Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶ 1 (holding that a separate BIPA claim accrued each time an employer violated BIPA) (superseded by statute, Pub. Act 103-0769 (eff. Aug. 2, 2024)); *Martin v. Westrock Shared Services, LLC*, 2026 WL 2209924, at *2 (N.D. Ill. Jul. 31, 2026) (assuming a five-year statute of limitations under GIPA to satisfy CAFA jurisdictional threshold).

21. Therefore, based on the foregoing, on the face of Plaintiff's pleadings, the alleged amount in controversy for the "hundreds" of putative class members (*i.e.*, at least 200) is at least $6,000,000 (for 200 purported class members, $15,000 per reckless violation multiplied by two alleged solicitations is $30,000, and $30,000 multiplied by 200 equals $6,000,000). Therefore, even taking the minimal number of possible, alleged class members, and without considering attorneys' fees, Plaintiff's alleged amount in controversy meets the jurisdictional threshold. *See Hazlitt v. Apple Inc.*, 500 F. Supp. 3d 738, 744 (S.D. Ill. 2020) (amount in controversy established based on the statutory damages under BIPA for a reckless violation). Further, attorneys' fees may be considered in determining whether the threshold has been met under CAFA. *McGoveran v. Amazon Web Servs.*, 488 F. Supp. 3d 714, 718 (S.D. Ill. 2020) ("when considering attorneys' fees and potential statutory damages of $5,000 for each intentional and reckless violation of BIPA, the amount in controversy well exceeds the required threshold [under CAFA]"). Thus, based upon his pleadings, it is not a legal certainty that Plaintiff seeks $5,000,000 or less.

22. Defendant's records also support the amount in controversy exceeding the jurisdictional threshold. In the five years prior to the Complaint being filed on September 30, 2026, approximately 3,847 individuals were hired in the State of Illinois as Drivers and were subject to a preemployment medical screening. Exhibit B, Decl., ¶ 14. Assuming only one reckless GIPA

violation per driver, the amount in controversy is $57,705,000 ($15,000 multiplied by 3,847), which well exceeds the statutory prerequisite. Even assuming one negligent GIPA violation per driver, the amount in controversy still exceeds the $5 million CAFA threshold by $4,617,500 ($2,500 multiplied by 3,847 is $9,617,500).

**Procedural Requirements**

23. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as Exhibit C is a copy of the Notice to Clerk of Circuit Court of Cook County of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

24. Attached as Exhibit D is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on the following individuals, as required by 28 U.S.C. § 1446(d): Carl V. Malmstrom, Esq., at Wolf Haldenstein Adler Freeman & Herz LLC, 111 W. Jackson Blvd., Suite 1700, Chicago, Illinois 60604; Frank S. Hedin, Esq., at Hedin LLP, 1395 Brickell Ave., Suite 610, Miami, Florida 33131.

25. Defendant files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, Defendant Hallcon Corporation, incorrectly named as the defendant in this matter, requests that this action, pending in the Circuit Court of Cook County, be removed to the United States District Court for the Northern District of Illinois.

Dated: November 4, 2026

Respectfully submitted,

**HALLCON CORPORATION**

*/s/ Jeffrey D. Iles*
By One of Defendant's Attorneys

Orly Henry, Bar No. 6306153
ohenry@littler.com
Jeffrey D. Iles, Bar No. 6332843
jiles@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880

## CERTIFICATE OF SERVICE

I, Jeffrey D. Iles, an attorney, certify that on November 4, 2026, I caused the foregoing ***Notice of Removal*** to be electronically filed with the Clerk of the Court, using the court's CM/ECF system, and by causing same to be served via e-mail delivery to Plaintiff's counsel listed below:

Carl V. Malmstrom, Esq.
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
malmstrom@whafh.com

Frank S. Hedin, Esq.
Hedin LLP
1395 Brickell Ave., Suite 610
Miami, FL 33131
fhedin@hedinllp.com

*Attorneys for Plaintiff*

*/s/ Jeffrey D. Iles*
Jeffrey D. Iles