# EXHIBIT A

Hearing Date: 12/1/2026 10:00 AM
Location: Court Room 2502
Judge: Weaver-Boyle, Lynn

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED
9/30/2026 12:33 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH09438
Calendar, 13
40253059

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

RAYMOND HOUSTON, on behalf of himself and all others similarly situated,

Plaintiff,

v.

HALLCON CORPORATION,

Defendant.

Case No.: 2026CH09438

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiff Raymond Houston ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Hallcon Corporation ("Defendant" or "Hallcon") for violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA"), and allege as follows based on personal knowledge as to himself, and, as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

**INTRODUCTION**

1. This case is about Defendant requiring that employees provide their genetic information as a condition of employment or applying for employment with the company, in clear violation of GIPA.

2. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. This genetic information reveals a trove of intimate information about that person's health, family, and innate characteristics. In recognition of the private and sensitive nature of genetic information, the Illinois Legislature enacted GIPA to regulate the use, transfer, and retention of an individual's genetic information. GIPA bestows a

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

3. It was precisely this risk of using genetic information in a discriminatory manner that led the Illinois Legislature to amend GIPA in 2008 to prohibit employers from soliciting, requesting or requiring applicants to provide genetic information as a condition of employment or a preemployment application, or otherwise use genetic information in its hiring or personnel decisions. Specifically, GIPA provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure, or terminate the employment, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

> (4) retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

4. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual. 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

5. During the applicable statutory period, Defendant has systematically required that current employees provide their protected familial medical histories (specifically information about disease or disorders in family members) as a condition of employment or a preemployment application. To this day, Defendant continues to engage in these practices.

6. GIPA clearly prohibits what Defendant has done. By requiring current employees, including Plaintiff and members of the Classes (defined below), to disclose their family medical histories as a condition of employment or a preemployment application, Defendant violated Plaintiff's and the putative Class members' GIPA-protected rights to keep their genetic information private.

7. Plaintiff, individually and on behalf of the members of the Classes, seeks monetary and injunctive relief to redress Defendant's violations of GIPA.

**PARTIES**

8. Plaintiff Raymond Houston is, and at all times relevant hereto was, a resident and citizen of Illinois.

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

9. Defendant Hallcon is incorporated in Delaware but maintains its corporate headquarters in Chicago, Illinois. Hallcon provides transportation services across the United States, including in Joliet, Illinois, where Plaintiff Houston applied to work and worked during the relevant period.

**JURISDICTION AND VENUE**

10. Personal jurisdiction exists over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is a corporation organized under the laws of Illinois, Defendant does business within the state of Illinois, and because the claims of Plaintiff and members of the Illinois Class arise out of Defendant's unlawful in-state actions, as Defendant directly or indirectly solicited, requested, and/or required, at its facilities in Illinois and nationwide, that Plaintiff and all members of the Illinois Class provide Defendant their genetic information as a condition of employment or a preemployment application with Defendant.

11. Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because Defendant maintains its corporate headquarters in Cook County.

**FACTUAL BACKGROUND**

**I. Illinois's Genetic Information Privacy Act**

12. The genomic revolution has ushered in significant advancements in biological sciences and medicine over recent decades. Modern genomic technologies now enable individuals to uncover genealogical information about themselves and their relatives, discover genetic predispositions to diseases before symptoms appear, and in some cases, prevent and treat such diseases proactively.

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

13. These benefits have been accompanied by a dramatic reduction in genetic testing costs. The expense of collecting and analyzing a complete individual human genome has plummeted from over $100 million in 2001 to under $1,000 in 2022.[1] However, with the increase in accessibility of genetic testing and genetic information came an increased risk that such information would be abused or used in a discriminatory manner.

14. To address these concerns, Illinois, in 1998, enacted the Genetic Information Privacy Act (GIPA), 410 ILCS513/1 *et seq*., which regulates the use, receipt, transmission, and retention of individuals' genetic information. A decade later, acknowledging the risk that employers would use or had been using individuals' genetic information in discriminatory ways, GIPA was amended to include protections against such discrimination by employers. Specifically, GIPA now prohibits employers from directly or indirectly soliciting, requesting, requiring, or purchasing genetic testing or genetic information of an individual or their family members as a condition of employment, preemployment application, labor organization membership, or licensure.

15. GIPA defines an employer, in relevant part, as "every [] person employing employees within the state." 410 ILCS 513/10.

16. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

**II. Defendant Violates GIPA**

17. Defendant is an "employer" under GIPA, as it employs employees within the state of Illinois.

---

[1] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data.

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

18. Defendant directs, participates in, and oversees the application process, and decides what the application process will include.

19. As part of its standardized hiring process at all locations nationwide, Defendant requires all prospective employees to undergo a physical examination and answer questions regarding their family medical history, i.e., the manifestation of diseases or disorders in family members.

20. Defendant devised and implemented this hiring policy at its headquarters in Illinois, and has overseen, controlled, and directed that their human resources staff at all its locations both in Illinois and nationwide execute this policy throughout the entire period applicable to this action.

21. Defendant made the decisions regarding what the physical examination would entail, and the information that prospective employees would be requested and/or required to provide, from its headquarters in Illinois.

22. Additionally, Defendant failed to inform Plaintiff or any members of the putative Classes of their right not to answer any questions regarding or otherwise provide any of their genetic information as a condition of employment or a preemployment application with Defendant. Defendant should have, but failed to, inform Plaintiff and the members of the putative Classes—from its corporate headquarters in Illinois—of their right not to provide their genetic information as a condition of employment or a preemployment application with Defendant. Defendant's failure to provide Plaintiff or any members of the putative Classes such information occurred pursuant to a uniform policy implemented by Defendant at its headquarters in Illinois, and, at all times relevant hereto, maintained, overseen, and enforced by Defendant from its headquarters in Illinois.

23. By soliciting, requesting, and/or requiring that Plaintiff and all members of the putative Classes provide their genetic information to Defendant as a condition of employment or

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

a preemployment application, without first informing Plaintiff or any member of the putative Classes of their right not to provide such information—all of which occurred pursuant to standardized policies and practices implemented, maintained, executed, overseen, and controlled by Defendant from its headquarters in Illinois—Defendant violated GIPA on a massive scale.

**III. Plaintiff's Experiences**

24. In or around August 2025, Plaintiff Houston applied for a job as a Van Driver with Defendant Hallcon in Joliet, Illinois.

25. During Plaintiff's application for employment with Defendant, Defendant solicited, requested, and/or required that Plaintiff submit to a physical examination, submit to a drug test, and provide sensitive personal information as a condition of Plaintiff's employment or preemployment application. Additionally, during the application process, Defendant, solicited, requested, and/or required that Plaintiff provide information concerning his family medical history, i.e., the manifestation of diseases or disorders in their family members, to Defendant (or another person acting on Defendant's behalf).

26. Specifically, in or around August 2025, as part of the job application process, Defendant presented Plaintiff an online pre-employment questionnaire to complete. Additionally, at Defendant's direction and requirement, Plaintiff went to a clinic in Joliet, Illinois in or around August 2025 for a pre-employment physical examination and drug test. In both instances, in the pre-employment questionnaire and at the pre-employment physical examination and drug test, Defendant (or another person acting on Defendant's behalf) asked Plaintiff to disclose whether Plaintiff's family members had a history of diabetes or high blood pressure, among other conditions.

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

27. In response, Plaintiff disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed, in order to apply for employment with Defendant.

28. Thus, Plaintiff's sensitive genetic information was solicited, requested, and/or required by Defendant as a condition of Plaintiff's employment and/or applying for employment.

29. Prior to requesting and requiring that Plaintiff provide such information, neither the Defendant nor any other person acting on Defendant's behalf informed Plaintiff, either verbally, in writing, or otherwise, of his right not to disclose such information as a condition of employment or a preemployment application with Defendant.

30. The information Defendant requested and/or required Plaintiff to provide as a condition of employment or a preemployment application, as alleged above, constituted "genetic information" within the meaning of GIPA (including the applicable provisions of HIPAA referenced and incorporated therein).

31. None of Defendant's solicitations, requests, and/or requirements for Plaintiff to provide his genetic information to Defendant were made in furtherance of a workplace wellness program.

32. By requiring Plaintiff to answer questions about his family medical history as a condition of employment and/or a preemployment application, Defendant directly or indirectly solicited, requested, and/or required Plaintiff to disclose his genetic information in violation of GIPA.

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action pursuant to 735 ILCS § 5/2-801 on behalf of himself and a "Nationwide Class" comprised of the following similarly situated persons:

> All individuals in the United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of employment or a preemployment application by Defendant.

34. Plaintiff also brings this action pursuant to 735 ILCS § 5/2-801 on behalf of himself and an "Illinois Class" comprised of the following similarly situated persons:

> All individuals in Illinois from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of employment or a preemployment application by Defendant.

35. The Nationwide Class and the Illinois Class are at times herein referred to collectively as the "Classes."

36. The following are excluded from the Classes: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37. **Numerosity**: Pursuant to 735 ILCS 5/2-801(1), the number of persons within the Classes is substantial, believed to be in the hundreds. It is, therefore, impractical to join each member of the Classes as a named Plaintiff. Further, the size and relatively modest value of the

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

claims of the individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Classes are ascertainable and identifiable from Defendant's records.

38. **Commonality and Predominance**: Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to, the following:

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant directly or indirectly solicited Plaintiff and the other Class members' genetic information as a condition of employment or a preemployment application in violation of 410 ILCS 513/25(c)(l);

(c) Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

(d) Whether Plaintiff and the Classes are entitled to damages and injunctive relief.

39. **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the above-defined Classes. Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Classes. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Classes and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

Class Action Complaint to include additional representatives to represent the Classes or additional claims as may be appropriate.

40. **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable. Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with GIPA.

**CAUSE OF ACTION**
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***
**(On behalf of Plaintiff and the Members of Classes)**

41. Plaintiff fully incorporates all paragraphs above.

42. Defendant is an employer under 410 ILCS 513/l0 in that they employ employees within the state of Illinois.

43. GIPA defines "genetic information" by reference to HIPAA, 45 C.F.R. § 160.103, to include the manifestation of a disease or disorder in family members of an individual.

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

44. Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or applying for employment. 410 ILCS 513/25(c)(l).

45. As a condition of Plaintiff's and the putative members of the Classes applying for employment, Defendant solicited, requested and/or required, either directly or indirectly by another person acting on its behalf and at its direction, that Plaintiff and the members of the Classes undergo physical examinations and answer questions regarding their family medical history, i.e. the manifestation of a disease or disorder in family members. In doing so, Defendant directly or indirectly solicited, requested, and required Plaintiff and the members of the Classes to disclose their genetic information as a condition of applying for employment.

46. The information that Defendant solicited, requested, and/or required from Plaintiff and the members of Classes as a condition of employment or a preemployment application, as described above, constitutes "genetic information" that is protected by GIPA. 410 ILCS 513/l.

47. Prior to soliciting, requesting, and/or requiring genetic information from Plaintiff and the members of the Classes as a condition of employment or a preemployment application, Defendant failed to advise Plaintiff or any other member the Classes, either verbally, in writing, or otherwise, of their statutorily protected rights under GIPA not to provide such information.

48. Defendant also solicited, requested and/or required that Plaintiff and members of the Classes provide other personally identifying information, including their full names, home addresses, dates of birth, Social Security numbers and gender, as part of their employment applications.

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

49. The unlawful practices alleged herein, as applied to Plaintiff and all members of the Classes, were implemented, maintained, executed, overseen, and otherwise controlled by Defendant from its corporate headquarters in Illinois.

50. Plaintiff and all members of the Classes have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

51. Defendant knowingly and/or willfully violated GIPA, and at the very least acted in reckless disregard of the statute's requirements, because the part of the statute relevant to this action has been in effect since 2009; because, on information and belief, Defendant maintains a legal department that routinely performs legal compliance audits (including those required pursuant to applicable regulations in its industry), rendering it well equipped to identify and implement measures to comply with all applicable laws, including GIPA; and because Defendant nonetheless failed to take any steps, implement any measures, or otherwise take any effort to comply with GIPA prior to requesting, and/or requiring Plaintiff and members of the Classes to provide their genetic information as a condition of applying for employment by Defendant.

52. Alternatively, Defendant violated GIPA negligently in that any steps they took, measures they implemented, or any other efforts they undertook to comply with GIPA were unreasonable under the circumstances, particularly in light of the nature of Defendant's business and the standard of conduct expected of it in the industry and field in which it operates.

53. On behalf of himself and the proposed members of the Classes, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the members of the Classes by requiring Defendant to destroy the genetic information they solicited, requested, and/or required from them in violation of GIPA and to comply with GIPA's requirements

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

in the future; (2) statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(2); (3) statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(a)(3).

**PRAYER FOR RELIEF**

54. WHEREFORE, Plaintiff Raymond Houston, individually and on behalf of the proposed Classes, respectfully requests that this Court enter an Order:

A. Certifying the Classes defined above, appointing Plaintiff as representative of the Classes and his attorneys as counsel for the Classes;

B. Declaring that Defendant's actions, as set forth herein, violate GIPA;

C. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Classes by requiring Defendant to destroy the genetic information they solicited, requested, and/or required from Plaintiff and members of the Classes in violation of GIPA and to comply with GIPA's requirements in the future;

D. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA, or alternatively, $2,500 for each negligent violation of GIPA;

E. Awarding reasonable attorneys' fees, costs, and other litigation expenses;

F. Awarding pre- and post-judgment interest, as allowable by law; and

G. Such further and other relief the Court deems reasonable and just.

**JURY TRIAL**

Plaintiff demands a trial by jury on all issues and claims so triable.

Date: September 30, 2026

*<u>/s/ Carl V. Malmstrom</u>*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Attorney No. 38814
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000

FILED DATE: 9/30/2026 12:33 PM 2026CH09438

Fax: (212) 686-0114
malmstrom@whafh.com

***Local Counsel for Plaintiff and Putative Classes***

Frank S. Hedin*
**HEDIN LLP**
1395 Brickell Ave. Suite 610
Miami, FL 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801
E-mail: fhedin@hedinllp.com

**Pro Hac Vice Application Forthcoming*

***Counsel for Plaintiff and Putative Classes***

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 13

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

FILED
10/1/2026 12:10 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH09438
Calendar, 13
40275562

# SUMMONS

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Raymond Houston
*Who started the case.* *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** Hallcon Corporation
*Who the case was filed against.*
*First, Middle, and Last Name, or Business Name*

2026CH09438
**Case Number**

## The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/how-to-summons.

Check 1 if this is a 30-day summons or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

## ☑ 1. 30-DAY SUMMONS

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: 55 W. Washington St., Chicago IL 60602
*Courthouse Street Address*

**- or -**

## ☐ 2. DATE CERTAIN SUMMONS

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/clerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

____________ at ________ ☐ a.m. ☐ p.m. in ________.
*Month, Day, Year* *Time* *Courtroom Number*

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

Case Number 2026CH09438

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: ______________________________
*Courtroom Address* *Courtroom Number*

☐ **Remotely** (video or telephone)

**By video conference** at: ______________________________
*Video Conference Website*

Log-in information: ______________________________
*Video Conference Log-in Information, Meeting ID, Password, etc.*

**By telephone** at: ______________________________
*Call-in Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: ____________________ or Website: ______________________________
*Circuit Clerk's Phone Number* *Website URL*

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ ________________.
*(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

☐ Yes ☑ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

☑ I am having 1 Defendant/Respondent served and their information is on this form below.

☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: ____________.
*Number*

b. First Defendant/Respondent's **primary address/information** for service:

Name: Hallcon Corporation
*First, Middle, and Last Name, or Business Name*

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

The Company Corporation
*First, Middle, and Last Name*

Street Address: 251 Little Falls Drive
*Street, Apt #*

City, State, ZIP: Wilmington, DE 19808
*City* *State* *Zip*

Telephone: ______________________ Email: ______________________

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

c. **Second address** for this Defendant/Respondent:

☑ I do **not** have another address where the Defendant/Respondent might be found.

☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: ______________________________
*Street, Apt #*

City, State, ZIP: ______________________________
*City* *State* *Zip*

Telephone: ______________________ Email: ______________________

d. Person who will serve your documents on this Defendant/Respondent:

☐ Sheriff in Illinois ☑ Special process server ☐ Licensed private detective

☐ Sheriff outside Illinois: ______________________________
*County & State*

## PLAINTIFF/PETITIONER INFORMATION:

*Enter your information below.*

Name Carl V. Malmstrom
*First, Middle and Last Name*

Registered Agent's name, if any ______________________________
*First, Middle and Last Name*

Street Address 111 W. Jackson Blvd., Suite 1700
*Street, Apt #*

City, State, ZIP: Chicago, IL 60604
*City* *State* *Zip*

Telephone: (312) 984-0000 Email: malmstrom@whafh.com

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

STOP The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: ______________________________

Clerk of the Court: 10/1/2026 12:10 PM Mariyana T. Spyropoulos

Seal of Court

CLERK ★ CIRCUIT COURT OF COOK COUNTY ILLINOIS ★

**To be filled in by an officer or process server:**

Date of Service: ______________________

*Fill in the date above and give this copy of the Summons to the person served.*

**Note to officer or process server:**

- If **1** is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If **2** is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If **2** is checked **and 3b** is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

Case Number 2026CH09438

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.

Learn more about each step in the process and how to file in the instructions:
ilcourts.info/how-to-summons.

## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:

**You have been sued:**

- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons)**:

- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efile. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of this *Summons* is checked (date certain summons):**

- You **must** attend court on the date listed in Section 2 of this *Summons.*
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**

- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

Case Number 2026CH09438

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Raymond Houston
*Who started the case.* *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** Hallcon Corporation
*Who the case was filed against.*
______________________________
______________________________
*First, Middle, and Last Name, or Business Name*

2026CH09438
**Case Number**

STOP Do not complete the rest of the form. **The sheriff or special process server will fill in the form.** Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is ______________________________ and I state:
*Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: ______________________________
*First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

**- or -**

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ________________ at this time: ________________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________

City, State, ZIP: ______________________________

☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:

Name of person served: ______________________________
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ________________ at this time: ________________ ☐ a.m. ☐ p.m.

Address, Unit#: ______________________________

City, State, ZIP: ______________________________

and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above address on this date: ________________.

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

*Case Number* 2026CH09438 ____________

☐ On the **Business's agent:** ________________________________________
*First, Middle, Last Name*

☐ Male ☐ Female ☐ Non-Binary Approx. Age: __________ Race: ______________

On this date: ________________ at this time: ________________ ☐ a.m. ☐ p.m.

Address, Unit#: ____________________________________________________________

City, State, ZIP: ____________________________________________________________

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: ______________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ____________________________________________________________

City, State, ZIP: ____________________________________________________________

Other information about service attempt:

________________________________________________________________________________

________________________________________________________________________________

________________________________________________________________________________

**Second Attempt:** On this date: ____________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ____________________________________________________________

City, State, ZIP: ____________________________________________________________

Other information about service attempt:

________________________________________________________________________________

________________________________________________________________________________

________________________________________________________________________________

**Third Attempt:** On this date: ______________________ at this time: ______________ ☐ a.m. ☐ p.m.

Address, Unit#: ____________________________________________________________

City, State, ZIP: ____________________________________________________________

Other information about service attempt:

________________________________________________________________________________

________________________________________________________________________________

________________________________________________________________________________

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and

2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/______________________________ Print Your Name ______________________________

You are: ☐ Sheriff in Illinois ☐ Special process server

☐ Sheriff outside Illinois: ______________ ☐ Licensed private detective, license number: ____________
*County and State* *License number*

**FEES:**

Service and Return: $__________ Miles: $__________ Total: $ 0 ____________

FILED
10/1/2026 12:10 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH09438
Calendar, 13
40275562

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

RAYMOND HOUSTON, on behalf of himself and all others similarly situated,

Plaintiff,

v.

HALLCON CORPORATION,

Defendant.

Case No.: 2026CH09438

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff Raymond Houston ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorney, respectfully moves this Court, pursuant to 735 ILCS 5/2-801 *et seq.*, for an Order certifying this litigation as a class action on behalf of the following classes (collectively referred to herein as the "Classes"):

A "Nationwide Class" comprised of the following similarly situated persons:

> All individuals in the United States from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of employment or a preemployment application by Defendant.

An "Illinois Class" comprised of the following similarly situated persons:

> All individuals in Illinois from whom Defendant, or an agent acting on behalf of Defendant, solicited, requested, and/or required family medical history or other genetic information, within the applicable limitation period, as a condition of employment or a preemployment application by Defendant.

[1] Plaintiff requests that the Court delay its ruling on this motion until the parties have had an opportunity to complete the discovery process and fully brief this issue. Plaintiff is filing this motion in light of the Illinois Supreme Court's opinion in *Ballard RN Ctr., Inc. v. Kohll's Pharm. & Homecare, Inc.*, 2015 IL 118644 (Ill. 2015). In *Ballard RN Ctr.*, the Illinois Supreme Court found that a motion for class certification which "identified [the] defendant, the applicable date or dates, and the general outline of plaintiff's class action allegations" was sufficient to overcome mootness efforts by Defendant to defeat the case in question. *Id.* at **19.

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

Plaintiff hereby reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claim on a class-wide basis using the same evidence as would be used to prove those elements in individual action alleging the same claims.

In support of his motion,[2] Plaintiff states as follows:

**1.** **Introduction.** This is a class action lawsuit through which Plaintiff, individually and on behalf of the Classes described herein, seek damages from Defendant Hallcon Corporation ("Defendant") for Defendant's requirement that its employees provide their genetic information as a condition of employment or a preemployment application, in violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.* ("GIPA").

**2.** This case satisfies all of the elements of 735 ILCS 5/2-801 *et seq*. Illinois state law requires numerosity, commonality, adequacy, and appropriateness of representation. As discussed below, each of these requirements is satisfied:

**3.** **Numerosity** – 735 ILCS 5/2-801(1). The numerosity requirement is satisfied where "joinder of all members is impracticable." "Although there is no magic number of class members for numerosity purposes, case law indicates that when a class numbers at least 40, joinder will be considered impracticable." *Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file his opening memorandum of law in support thereof after sufficient discovery has been allowed. In *Ballard RN Ctr.*, the Illinois Supreme Court stated that "when additional discovery or further development of the factual basis is necessary. . .those matters will be left to the discretion of the trial court." *Id.* at **24.

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

36023 at *6 (N.D. Ill. Apr. 28, 2009).[3] Here, the total number of class members is believed to be at in the hundreds. Compl. ¶ 37.

**3**. **Commonality** – 735 ILCS 5/2-801(2). The commonality requirement is satisfied where "common questions [of law or fact] predominate over any questions affecting only individual members." "To satisfy this predominance requirement, a plaintiff must necessarily show that successful adjudication of the class representative's individual claim will establish a right of recovery in other class members. A favorable judgment for the class should decisively resolve the whole controversy, and all that should remain is for other class members to file proof of their claim. *Mashal v. City of Chicago*, 2012 IL 112341 at P33 (Ill. 2012) (Internal quotation marks and citations omitted).

As alleged in the Complaint, the Defendant engaged in a common course of conduct that was nearly identical for every putative member of the Classes, namely individuals whose genetic information was solicited, requested, or required by Defendants as a condition of employment and/or a preemployment application.

In this case, the common questions of law or fact include, among others:

(a) Whether Defendant's conduct is subject to GIPA;

(b) Whether Defendant directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment and/or a preemployment application in violation of 410 ILCS 513/25(c)(l);

(c) Whether Defendant's violations of GIPA were negligent, reckless, or intentional; and

[3] "Section 2-801 of the Code, which is patterned after Rule 23 of the Federal Rules of Civil Procedure, sets forth the prerequisites needed to maintain a Class action. Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Uesco Indus. v. Poolman of Wis.*, Inc., 2013 IL App (1st) 112566 at P45 (Ill. App. Ct. 1st Dist. 2013) (internal quotation marks and citations omitted).

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

(d) Whether Plaintiff and the Classes are entitled to damages and injunctive relief.

Based on the nature of Defendant's conduct which Defendant uniformly applied to the Plaintiff and all members of the alleged Classes, commonality is easily established here. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class." *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (Ill. App. Ct. 2d Dist. 2004) (citation omitted).

**4. Adequacy** – 735 ILCS 5/2-801(3). The adequacy requirement is satisfied where the "representative parties will fairly and adequately protect the interest of the class."

> The purpose of the adequate representation requirement is to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim. The test to determine the adequacy of representation is whether the interests of those who are parties are the same as those who are not joined.

*P.J.'s Concrete Pumping Serv.* 345 Ill. App. 3d at 1004 (citations omitted).

Here, Plaintiff has no interests antagonistic to the interests of absent class members, and Plaintiff has retained counsel that is qualified, experienced, and generally able to conduct the proposed litigation. Compl. ¶ 39.

**5. Appropriateness** – 735 ILCS 5/2-801(4). The appropriateness requirement is satisfied where the "class action is an appropriate method for the fair and efficient adjudication of the controversy." Further,

> In deciding whether the fourth requirement for class certification is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled. Also, class actions are often the last barricade of consumer protection. Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus attaining the ends of equity and justice.

*Walczak v. Onyx Acceptance Corp.*, 365 Ill. App. 3d 664, 679 (Ill. App. Ct. 2d Dist. 2006) (citations omitted)

FILED DATE: 10/1/2026 12:10 PM 2026CH09438

Here, where there are hundreds of potential class members, each seeking small recoveries pursuant to claims that cannot be efficiently litigated separately, a class action is clearly the appropriate vehicle to litigate this action in order to secure economies of time, effort and expense for both the Court and the parties. Compl. ¶ 40.

**WHEREFORE**, Plaintiff respectfully requests that this Court, after allowing the parties an opportunity to complete the discovery process and fully brief the issues raised by this motion, enter an Order: (1) certifying this case as a class action pursuant to 735 ILCS 5/2-801 *et seq.*, (2) appointing Plaintiff as representative of the Classes; and (3) appointing Plaintiff's attorneys as Class Counsel.

Dated: October 1, 2026

Respectfully submitted,

*/s/ Carl V. Malmstrom*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Attorney No. 38814
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

***Local Counsel for Plaintiff and Proposed Class***

**HEDIN LLP**
Frank S. Hedin*
1395 Brickell Ave. Suite 610
Miami, FL 33131
Tel: + 1 (305) 357-2107
Fax: + 1 (305) 200-8801
E-mail: fhedin@hedinllp.com

**Pro Hac Vice Application Forthcoming*

***Counsel for Plaintiff and Proposed Class***

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 13

FILED
10/16/2026 5:32 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026CH09438
Calendar, 13
40528318

FILED DATE: 10/16/2026 5:32 PM 2026CH09438

# Circuit Court of Cook County, Illinois, County Department
# Chancery Division

**RAYMOND HOUSTON, on behalf of himself and all others similarly situated,**

Plaintiff,

vs.

**HALLCON CORPORATION,**

Defendant.

**Case No.: 2026CH09438**

**AFFIDAVIT OF SERVICE**

On 10/5/2026 at 1:49 PM AM / PM, I Sharlene Brooks being over the age of 18 and not a party in the above captioned manner, served the within **Summons, Class Action Complaint, and PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** on **Hallcon Corporation**, .

Said service was effected at **c/o The Company Corporation, 251 Little Falls Drive , Wilmington, DE 19808** in the following manner:

☐ **Registered Agent:** By leaving a copy of the Summons, Class Action Complaint, and PLAINTIFF'S MOTION FOR CLASS CERTIFICATION with

______________________, the registered agent of Hallcon Corporation.

☑ **Officer/Agent:** By leaving a copy of the Summons, Class Action Complaint, and PLAINTIFF'S MOTION FOR CLASS CERTIFICATION with:
"Jane Doe", Registered Agent Representative
(per agent policy they will not provide a name for acceptance), who is an officer or agent of Hallcon Corporation.

☐ **Other:** By leaving a copy of the Summons, Class Action Complaint, and PLAINTIFF'S MOTION FOR CLASS CERTIFICATION with:

______________________, ______________________.

Addl Comments: ______________________

Description of person process was left with:

Sex: F Race: Asian Approx. Age: 34 Height: 5'9" Weight: 150 lb

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Prodecure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

X [signature]

Sharlene Brooks
(Print Name)

Date: 10/6/2026

*900971*

Date: 10/21/2026

CIRCUIT COURT OF COOK COUNTY
CHANCERY DIV., RM. 802 DALEY CENTER.
CHICAGO IL-60602

Houston Raymond

-

MalmstromCarl Vincent
malmstrom@whafh.com

CASE: 2026CH09438 / CALENDAR: 13

Houston, Raymond -vs- Hallcon Corporation,

YOUR COURT DATE IS ON Tuesday December 01 2026 AT 10:00 AM

** PLEASE DO NOT COME DOWN TO THE COURTHOUSE **

IN ORDER TO APPEAR BY TELEPHONE OR VIDEO FOR YOUR
USE THE FOLLOWING ZOOM INFORMATION:
ZOOM ACCESS CODE: 946 7646 3310 PASSWORD: 145041

INSTRUCTIONS FOR ACCESSING ZOOM BY VIDEO ARE AVAILABLE AT
HTTP://WWW.COOKCOUNTYCOURT.ORG/ AND AT HTTPS://ZOOM.US/

TO ACCESS ZOOM BY PHONE, CALL 312-626-6799 THEN ENTER THE
THE ACCESS CODE AND PASSWORD LISTED ABOVE.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT THE COURT
EMAILING CHANCERY.CALENDAR13@COOKCOUNTYIL.GOV
OR CALLING 312-603-6008